KEVIN BAILEY,

    Petitioner,    MEMORANDUM
              AND ORDER

  -against-    06 CV 2129 (JG)

R. ERCOLE,

    Respondent.
------------------------------------------------------------X

A P P E A R A N C E S :

 KEVIN BAILEY
  03A4625
  Green Haven Correctional Facility
  P.O. Box 4000
  Stormville, NY 12582
  Plaintiff, *pro se*

 CHARLES J. HYNES
  Kings County District Attorney
  350 Jay Street
  Brooklyn, NY 11201-2908
 By: Seth M. Lieberman
  Attorneys for Defendant

JOHN GLEESON, United States District Judge:

  Kevin Bailey, a state prisoner, petitions for a writ of habeas corpus, challenging his conviction after a jury trial of murder in the second degree. Bailey was sentenced to a prison term of 22 years to life. The petition is denied for the reasons set forth below.

## BACKGROUND

  The evidence at trial established that just before midnight on August 10, 2002, two police officers arrived at 48 Fleet Walk in Brooklyn, responding to the sound of numerous gunshots in that vicinity. The officers saw Bailey with a firearm standing above a man -- later

identified as Desean Herring -- lying on the ground.  Herring had been fatally shot.  Bailey fled,
and the officers gave chase, occasionally losing sight of Bailey as he rounded corners.  When the
officers saw Bailey by a fenced parking lot, they apprehended and arrested him.  The firearm
was recovered inside the parking lot.  Bailey was taken to the 88th Precinct.

At a *Huntley* hearing[1] before trial, Detective Denise Thomas testified that she
tried to talk with Bailey when he arrived at the precinct shortly after midnight.  Talking was not
possible, however, as Bailey was "a little out of control": crying; removing his socks, shoes, and
pants; and "ranting and raving" that he had been treated unfairly.  Aff. of Seth M. Lieberman,
Ex. A (transcript of *Huntley* hearing) at 6-7, 14-15.  Thomas believed Bailey was "a little
intoxicated," because Bailey had said he had been at a barbecue and Thomas smelled "a little"
alcohol on his breath.  *Id.* at 16.  Thomas stated that she told Bailey to calm down so they could
sit and discuss what had happened.  But Bailey continued to complain, so Bailey continued the
investigation elsewhere -- still within earshot of Bailey ranting and raving -- and returned 20 to
25 minutes later.  At that time, Bailey was "still upset," but he agreed to try to calm down and
take some water.  *Id.* at 8.  Thomas observed him calm down, "stepped off" for another five to
ten minutes, *id.* at 17, and then she and another officer removed Bailey to an interview room,
where Bailey had one arm cuffed to a bench.

Once Bailey was in the interview room, Thomas repeated that she wanted him to
tell her "in his own words what took place."  *Id.* at 9.  She then said, "I'm going to read you your
Miranda and then I want you to tell me what happened."  *Id.*  Thomas read Bailey the *Miranda*
warnings from a card, and after each item asked, "do you understand?"  Each time, Bailey

---

[1] A *Huntley* hearing in New York courts addresses the admissibility of a defendant's post-arrest statements against him at trial.  *People v. Huntley,* 15 N.Y.2d 72 (1965).

replied, "yeah." *Id.* at 11. Thomas then asked, "Now that I have advised you of your rights, are you willing to answer questions?" *Id.* Bailey replied, "Yeah," and then said, "Fuck it; I did it. My life's over. That's it. I ain't talking, that's it." *Id.* at 11-12.

Detective Thomas's testimony was the only testimony presented at the hearing. After the hearing, the trial court denied Bailey's motion to suppress his statements. The court specifically found that "although defendant was emotionally upset when he first arrived at the precinct, there was no evidence adduced at the hearing that defendant was still upset at the time that he made the statement so as to vitiate his waiver of the Miranda rights." Lieberman Aff. Ex. B ("Trial Ct. Decision") at 2. The court looked to Bailey's "prior contacts" with law enforcement in holding that he was able to comprehend the meaning and effect of his waiver. *Id.* at 2-3. Bailey's statements were introduced at trial.

On appeal, Bailey challenged his conviction on, *inter alia*, the ground that he was too intoxicated to have knowingly, intelligently and voluntarily waived his *Miranda* rights. The Appellate Division, Second Department rejected that argument on the merits and affirmed the conviction. *People v. Bailey*, 808 N.Y.S.2d 300, 300 (2d Dep't 2005). Bailey's intoxication, the court held, "did not render his statement involuntary." *Id.* Leave to appeal to the New York Court of Appeals was denied.[2]

In his petition here, Bailey again raises the claim that his *Miranda* waiver was invalid.

---

[2] The trial court denied Bailey's motion to suppress his statements on the additional ground that the statements were "spontaneously made," that is, not given in response to interrogation or its equivalent. Trial Ct. Decision at 3. The Appellate Division affirmed on the same additional ground. *Bailey*, 808 N.Y.S.2d at 300. That rationale strikes me as dubious. Nevertheless, I need not address the ground here and therefore I elect not to.

3

DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-123, 110 Stat. 1214 ("AEDPA"), federal courts are prohibited from granting habeas relief to an applicant "in custody pursuant to a judgment of a State court" for claims adjudicated by the state court on their merits, unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d) (2000). "For the purposes of AEDPA deference, a state court 'adjudicates' a state prisoner's federal claim on the merits when it (1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment." *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001). Once the claim has been adjudicated on its merits and the disposition has been set down in a judgment, it is not the business of the federal court, on petition for habeas, to second-guess the state court's factual determinations. Rather, the federal court's task is to determine whether those determinations were objectively unreasonable. *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Bailey claims that he did not knowingly, intelligently, and voluntarily waive his *Miranda* rights. The trial court found precisely the opposite in its decision denying Bailey's motion to suppress. Accordingly, I construe Bailey's claim as a contention that the trial court's determination was objectively unreasonable.

I cannot conclude that the state court's adjudication of Bailey's claim was based upon an unreasonable determination of the evidence before the trial court. Detective Thomas, the only person who testified before the court, testified that Bailey was initially very upset but

4

then calmed down after he had been given approximately 35 minutes to cool off. Bailey said "yeah" each time he was asked if he understood his *Miranda* warnings, and after his incriminating statement he refused to speak further. Such behavior is consistent with that of a man who has cooled off enough to make intelligent decisions. Accordingly, the evidence supports the trial court's holding that Bailey understood he was being interrogated, understood the warnings he was given, and chose to speak nonetheless.

It does not require a different result that the facts may also be compatible with the theory that Bailey was intoxicated, was simply saying "yeah" reflexively when asked questions, and thus did not knowingly understand the consequences when he uttered the incriminating statements. As discussed above, a habeas court's task is not to choose from among the factual theories compatible with the evidence, but to assess whether the state court's findings were objectively unreasonable in light of that evidence. I hold that they were not.

## CONCLUSION

For the reasons set forth above, the petition is denied. No certificate of appealability shall issue.

So Ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
November 3, 2006