| UNITED STATES DISTRICT COURT | FOR ONLINE PUBLICATION ONLY |
| EASTERN DISTRICT OF NEW YORK | |

---------------------------------------------------------------- X

KEVIN BAILEY,

                Petitioner,

                MEMORANDUM AND ORDER

       - against -

06-CV-2129 (JG)

ROBERT ERCOLE, Superintendent,
Green Haven Correctional Facility,

                Defendant.

---------------------------------------------------------------- X

A P P E A R A N C E S:

    KEVIN BAILEY
        03A4625
        Green Haven Correctional Facility
        P.O. Box 4000
        Stormville, N.Y. 12582
        Petitioner, *pro se*

    CHARLES J. HYNES
        Kings County, District Attorneys Office
        350 Jay Street
        Brooklyn, NY 11201-2908
    By:   Seth M. Lieberman
        Attorney for Respondent

JOHN GLEESON, United States District Judge:

       Kevin Bailey moves under Fed. R. Civ. P. 60(b)(6) for a relief from a judgment denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Bailey v. Ercole*, No. 06-CV-2129 (JG), 2006 WL 3150826 (E.D.N.Y. Nov. 3, 2006). I assume familiarity with that decision, on which judgment was entered on November 9, 2006. Briefly, it denied the petition because the state court's determination that Bailey had knowingly, intelligently and voluntarily waived his *Miranda* rights was not unreasonable. The Court of Appeals denied Bailey's application for a certificate of appealability and dismissed the appeal on April 30, 2007. *See* Docket Entry 21.

Bailey claims that the proceedings before me were flawed because I failed to appoint counsel to represent him, in violation of Rule 8(c) of the Rules Governing Section 2254 Cases and *Graham v. Portuendo*, 506 F.3d 105 (2d Cir. 2007). The Motion is denied because it misapprehends the nature of the proceedings that occurred in deciding Bailey's petition. He was not entitled to counsel.

## DISCUSSION

A.   *This Court's Practices in § 2254 Cases*

Habeas petitioners are not entitled to appointed counsel to assist them in their collateral attacks on their state court convictions, and I do not routinely appoint counsel for them. On occasion, my review of the petition will result in the appointment of counsel because the petition raises a claim that is likely to be of substance. *See, e.g. Schicchi v. Ercole*, No. 06-CV-3273 (JG), 2007 WL 837109 (E.D.N.Y. March 18, 2007).

Whether or not counsel is appointed, I hold oral argument on every petition. When *pro se* petitioners are incarcerated, the oral argument occurs by telephone conference. The petitioner is called at the facility pursuant to an order sent to the warden. The call is placed from the courtroom, with respondent's counsel and a court reporter present in the courtroom. The transcript of the oral argument is sent to the petitioner.

On occasion, the oral argument persuades me that an evidentiary hearing is necessary. When that occurs, counsel is appointed to represent the petitioner and the petitioner is brought to the courthouse for the evidentiary hearing. *See, e.g. Norris v. Fischer*, 06-CV- 2190 (JG), 2007 WL 1452127 (E.D.N.Y. 2007) at *1.

B.   Graham v. Portuondo

In *Graham*, the petitioner claimed that he had been denied the effective assistance of trial counsel. 506 F.3d at 106. The district court held a hearing at which the petitioner's trial counsel testified extensively about the conduct of the defense at trial. *Id.* Through Graham was

indisputably indigent, the habeas court did not appoint counsel to represent him at the hearing. *Id.* After trial counsel testified, the petition was denied based on the habeas court's conclusion that trial counsel had rendered effective assistance. *Id.*

The Second Circuit vacated the denial of the petition on the ground that the hearing conducted by the habeas court constituted an evidentiary hearing, and Rule 8(c) of the federal Rules Governing Section 2254 Cases mandates the appointment of counsel at evidentiary hearings.[1] *Id.* at 108.

        C.       *The Proceedings in This Case*

Though oral argument was held in this case on November 3, 2006, in which Bailey participated by telephone, there was no evidentiary hearing. No such hearing was warranted in my view. For that reason, and because I saw no legal claim that was likely to have merit, I denied Bailey's request for appointed counsel.

Bailey knew that the November 3rd argument would consist of only legal argument on the petition, and would not constitute an evidentiary hearing. On July 25, 2006, I responded to Bailey's request for assistance of counsel by issuing an order stating precisely that. *See* Docket Entry dated July 25, 2006 ("Regarding the argument scheduled for October 27, 2006 [adjourned to November 3, 2006], the petitioner is advised that the proceeding will consist only of legal argument on the petition and not an evidentiary hearing . . . To the extent the petitioner requests appointed counsel, the request is denied . . . ."). The docket sheet reflects that this order was mailed to Bailey but was returned as undeliverable. *See* Docket Entry 8. The order was re-sent, *id.*, and in a letter dated August 8, 2006, Bailey acknowledged receipt of the July 25,

---

[1] Rule 8(c) provides as follows: "If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A. The judge must conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare. These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding."

2006 order.  Though he claimed that he did not comprehend the order, its language could hardly have been clearer.

In any event, there is no doubt that the November 3, 2006 hearing was not an evidentiary hearing.  No testimony was taken; rather as Bailey was informed at the outset of the conference, its purpose was to afford him an opportunity to address me orally in support of his petition.  Because neither Rule 8(c) nor *Graham* requires the appointment of counsel in such circumstances, Bailey's motion for relief from judgment is denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: December 21, 2007
       Brooklyn, New York